

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
LOUIS TATTA,

          Petitioner,

  -against-

WILLIAM BROWN, Superintendent, Eastern
New York Correction Facility,

          Respondent.
-----------------------------------------------------------x

**MEMORANDUM AND ORDER**
Case No. 06-CV-2852 (FB) (MG)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
LOUIS TATTA,

          Petitioner,

  -against-

WILLIAM BROWN, Superintendent, Eastern
New York Correction Facility,

          Respondent.
-----------------------------------------------------------x

Case No. 06-CV-4840 (FB)

*Appearances:*
*For the Petitioner:*
LOUIS TATTA, *pro se*
89A0004
Eastern New York Correctional Facility
Post Office Box 338
Napanoch, New York 12458

*For the Respondent:*
MICHELLE MAEROV, ESQ.
Assistant Attorney General
Office of the Attorney General
120 Broadway
New York, New York 10271

**BLOCK, Senior District Judge:**

      *Pro se* petitioner, Louis Tatta ("Tatta"), in each of the above actions, seeks a

writ of *habeas corpus* pursuant to 28 U.S.C. § 2254, claiming, for the second and third time, that the New York State Parole Board ("Parole Board") denied his 2004 parole application in violation of his federal constitutional rights.[1]

In his first petition, he asserted that the 2004 denial, as well as a prior 2002 denial, violated his due process rights because (1) the Parole Board considered the nature of his offense and his criminal history, and (2) the Parole Board improperly considered those factors to retaliate against him for appealing a prior parole denial and filing two civil lawsuits against the New York State Department of Corrections. Viewing his claims as asserting both procedural and substantive due process violations, the Court denied the petition on its merits. *See Tatta v. Miller*, 2005 WL 2806236 (E.D.N.Y. 2005), *appeal dismissed*, Case No. 05-6368 (2d Cir.) (Mandate of Mar. 16, 2006). In doing so, it explained, as to procedural due process, that "the Second Circuit has squarely held... that 'the New York State parole scheme does not create a protectable liberty interest.'" *Tatta* at *3(*quoting Marvin v. Goord*, 255 F.3d 40, 44 (2d Cir. 2001), *and citing Barna v. Travis*, 239 F.3d 169, 171 (2d Cir. 2001) ("The New York parole scheme is not one that creates in any prisoner a legitimate expectancy of release.")).[2] As to Tatta's substantive due process claim, the Court

---

[1]Tatta also previously filed a *habeas* petition challenging his convictions and sentence, which this Court denied. *See Tatta v. Mitchell*, Case No. 94-CV-3222 (FB) (E.D.N.Y.) (Judgment of May 7, 1997), *appeal dismissed*, Case No. 98-2532 (2d Cir.) (Mandate of Dec. 9, 1999). The convictions and sentence are not at issue in the present *habeas* proceeding.

[2]The Court also found that, in any event, the 2004 Parole Board proceedings did not violate Tatta's procedural due process rights, as Tatta received a hearing and the reasons for denial of parole. *See Greenholtz v. Inmates of Nebraska Penal and Correctional Complex*, 442 U.S. 1, 16 ("The Nebraska procedure affords an opportunity to be heard, and when parole is denied it informs the inmate in what respects he falls short of

recognized that, "'once a state institutes a parole system,'" inmates may acquire "'a liberty interest . . . in not being denied parole for arbitrary or constitutionally impermissible reasons.'" *Tatta* at *4 (*quoting Block v. Potter*, 631 F.2d 233, 235 (3d Cir. 1980)). It held the parole denial was not arbitrary and capricious because the Parole Board had considered the factors required by the New York State Executive Law, *see* New York Exec. Law § 259-i(2)(c)(A) (2006), New York Exec. Law § 259-i(1)(a)(ii) (2006), and therefore did not violate Tatta's substantive due process rights. *Tatta* at *4 (*citing Romer v. Travis*, 2003 WL 21744079, *6 (S.D.N.Y. 2003) ("Denial of parole is neither arbitrary nor capricious when the Parole Board relies on the factors defined by New York statute.")).

In Petition 06-2852, Tatta argues that the parole denial constituted due process violations, without articulating whether they be substantive or procedural, because the Parole Board's decision failed to properly discuss the statutory factors and failed to provide him with guidance for how to succeed at winning parole at his next Parole Board appearance, and was therefore arbitrary and capricious, *see* Pet. 06-2852 at 5A;[3] in Petition 06-4840, he additionally claims that the 2004 denial resulted from an unconstitutional policy of blanket parole denial for violent felony offenders established by former New York

---

qualifying for parole; this affords the process that is due under these circumstances. The Constitution does not require more.")

[3]The Court issued an order on June 9, 2006 that the May 26, 2006 petition was successive within the meaning of 28 U.S.C. § 2244 and had not been authorized, and proceeded to transfer the petition to the United States Court of Appeals for the Second Circuit. The Second Circuit stated that it was "unnecessary" for Tatta to petition for leave to file a second or successive appeal "because Petitioner's proposed § 2254 petition [was] not second or successive," and transferred Tatta's application back to the District Court. Case No. 06-4840 (2d Cir.) (Mandate of September 14, 2006).

3

Governor George Pataki. Pet. 06-4840 at 4A, 4B.[4]

Neither of the challenges in these petitions rise to the level of any Constitutional violation. As already noted, there can be no procedural due process claim based upon the denial of parole. With regard to substantive due process, the Parole Board's decision was not arbitrary and capricious because it was properly based on two statutory factors, namely the nature of Tatta's crimes and his criminal history; although it did not provide Tatta with guidance on how to win parole in the future, it was not required to do so. Likewise, the claim regarding blanket parole denial raised in Petition 06-4840 fails because the Parole Board's determination was based on proper statutory factors.

The Court once again concludes that the 2004 denial of parole did not violate Tatta's due process rights, and therefore denies his *habeas* petitions pursuant to 28 U.S.C. § 2254(b)(2). Because he has failed to make a substantial showing of the denial of a federal right, a certificate of appealability will not issue. *See* 28 U.S.C. § 2253.

**SO ORDERED.**

FREDERIC BLOCK
Senior United States District Judge

Brooklyn, New York
December 5, 2007

---

[4]The Court notes, and respondent concedes, that Tatta's second and third petitions are timely and exhausted.